JOURNAL ENTRY and OPINION
{¶ 1} Appellant, Theondrey Burrell ("Burrell"), appeals his conviction of drug possession in an amount exceeding five grams. He was sentenced by the trial court to a one-year prison term. Burrell cites four assignments of error.
 I. {¶ 2} For his first assignment of error, Burrell contends that the evidence was insufficient to support a finding that Burrell was guilty of possession of crack in an amount exceeding more than five grams. In particular, he contends that there was a discrepancy in the weight of the crack cocaine found in the car he was driving — a difference of .28 grams. The weight of the crack was less than five grams; thus, Burrell argues his conviction cannot stand. In his second assignment of error, Burrell argues that should this court find that the evidence was sufficient to sustain his conviction for drug possession in an amount exceeding five grams, then the trial court erred by admitting into evidence the weight analysis performed by Scott Miller ("Miller") since he did not testify at trial.
 {¶ 3} The first analyst, Miller, weighed the crack on the day it was discovered in Burrell's car and found the weight to be 5.19 grams. Miller was unable to testify at trial and in his stead, Cynthia Lewis ("Lewis"), the second analyst, testified. Lewis personally analyzed the crack and weighed it on the day of trial. She discovered the weight of the crack to be 4.91 grams and testified that Miller weighed the crack at 5.19 grams. Lewis explained that the reasons for the differences between the two weights are two-fold: (1) water evaporation occurs when the crack, like here, sits for over a year between the first test and the test on the day of trial, resulting in a loss of some weight of the crack; and (2) there is some destruction of the sample used to be analyzed that is taken from the crack that could result in some weight loss. Based on Lewis' testimony and her explanation for the weight differences, it cannot be said that it was unreasonable for a juror to conclude that the weight of the crack exceeded five grams. Thus, Burrell's first assignment of error is overruled.
 {¶ 4} Turning to his second assignment of error, it should be noted that Burrell did not object to Lewis' testimony that Miller weighed the crack at 5.19 grams, nor did he object to Lewis' explanation of the weight discrepancy. Forever mindful of the trial court's broad discretion in the admissibility of evidence, we review any alleged error in admitting in evidence under a plain error analysis where, like here, there was no objection.
 {¶ 5} Here, Lewis initialed Miller's original report showing the weight to be 5.19 grams. Based on her initials, Miller's report could arguably have been admitted into evidence. Although the report itself was not admitted into evidence, Lewis still had the requisite knowledge to testify as to the original report and her weight analysis of the crack cocaine. As an expert, she was well within her realm of expertise to testify as to the reasons for the differences in the weight of the crack — at least so much to enable a juror to conclude if the weight exceeded five grams. It cannot be said that it was plain error to allow Lewis to testify as to the two weights. It was ultimately a question of fact for the jury to decide. Thus, Burrell's second assignment of error is overruled.
 II. {¶ 6} Burrell argues in his third assignment of error that the trial court plainly erred when it instructed the jury that it should find Burrell guilty of drug possession if Burrell was able to exercise control over the portion of the car where the crack was found at the same time that he was consciously aware that the drugs were present in his car. In particular, Burrell contends that the following trial court's instruction to the jury on constructive possession amounted to plain error:
 {¶ 7} "A person constructively possesses a substance when he knowingly exert[s] or is able to exercise dominion or control over the substance or over the area in this case of the auto in which the substance was found or concealed. Even though the substance was not in his physical possession."
 {¶ 8} Here, the crack was discovered in the center armrest of the car that Burrell was driving. The trial court specifically followed Ohio law when it gave that instruction to the jury as "[c]onstructive possession exists when an individual exercises dominion and control over an object, even though that object may not be within his immediate physical possession." State v.Worley (1976), 46 Ohio St.2d 316, 329, 348 N.E.2d 351. Even if this court were to accept Burrell's argument that there is a difference between the ability to exercise control over the drugs themselves and the ability to exercise control over the area where the drugs are present, it is more than reasonable for a juror to conclude that as the driver of the car, Burrell had access (or exercised the ability to control) the crack in the center armrest of the car.
 {¶ 9} Because the trial court followed Ohio law when it instructed the jury on possession, coupled with the fact that the two police officers who testified at trial stated that Burrell admitted the crack was his,[1] Burrell's third assignment of error is overruled.
 IV. {¶ 10} Finally, for his fourth assignment of error, Burrell argues that he was denied the effective assistance of counsel when his counsel failed to object to Miller's weight analysis and the trial court's jury instruction on possession. However, Burrell cannot show, under Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674, that he was prejudiced as it is highly unlikely that Burrell would have been acquitted of drug possession had his counsel objected. Thus, Burrell's fourth assignment of error is overruled and Burrell's conviction for drug possession in an amount exceeding five grams is affirmed.
Judgment affirmed.
Celebrezze, Jr., J., concurs.
 Dyke, A.J., Dissents with opinion.
[1] It should be noted that if the jury believed the police officers' testimonies that Burrell admitted the crack was his, then any alleged erroneous jury instruction on constructive possession is moot because the possession is indeed actual.